IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEVEN CHESHIER                                                          PLAINTIFF

V.                              Case No. 3:26-CV-00208-KGB-BBM

JACKSON COUNTY JAIL                                                      DEFENDANT

## INITIAL ORDER FOR *PRO SE* PRISONERS

You filed this civil rights lawsuit *pro se*, which means you are representing yourself, without a lawyer. Nevertheless, you must still follow the rules and procedures provided in the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Arkansas, and this Order. If you fail to do so, your case may be dismissed.

**First**, follow all court rules. This includes both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Arkansas. In particular, LOCAL RULE 5.5(c)(2) provides that:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second**, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), creates the **Three Strikes Rule**:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [without prepayment of fees] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Importantly, if this case is dismissed as frivolous, malicious, or for failure to state a claim, your future right to proceed without the prepayment of fees, also known as *in forma*

*pauperis* ("IFP"), in civil rights actions may be impacted. The filing fee and IFP requirements are discussed in further detail below.

**Third**, you are responsible for providing the correct names and service address for each Defendant, including the addresses for any "John/Jane Doe" Defendants. The Court will order service on all properly identified Defendants if it determines that service is appropriate after screening your claims as required by 28 U.S.C. § 1915A.[1] However, you are responsible for providing sufficient identifying information and valid service addresses for each of them. Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit. *See* FED. R. CIV. P. 4(m).

**The below filing fee issue must be resolved before the Court may screen your Complaint.**

**Fourth**, you are placed on notice that, if you file an amended complaint in this matter, that pleading will supersede all previous pleadings. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, any amended complaint you file should contain all defendants you seek to name in this matter, all claims you seek to pursue in this action, and the factual predicate for all claims against all defendants. Additionally, if you seek to pursue any *supplemental* allegations—that is, allegations concerning events that occurred after you initiated this action—you must exhaust any available administrative remedies, then either file a separate lawsuit or seek leave to file a supplemental pleading in this action. *See* 42 U.S.C. § 1997e(a); FED. R. CIV. P. 15(d).

**Fifth**, unlike criminal cases, you do not have a right to an appointed lawyer in this civil case. If your case proceeds to a jury trial, however, a lawyer will be appointed before your trial.

**Sixth**, discovery requests (such as interrogatories and requests for production of documents) and responses to discovery requests are not permitted to be filed with the Court. Instead, you must mail discovery requests and responses directly to counsel for the Defendant. *See* FED. R. CIV. P. 5(d). Do not mail discovery requests to Defendants' counsel until *after*: (1) the Court has screened your claims and allowed the case to proceed forward; and (2) counsel for Defendants has filed an answer or motion to dismiss your Complaint.

**Seventh**, do not send documents to the Court, unless (1) the document is attached to a motion permitted by the Federal Rules of Civil Procedure or to a response to a motion filed by Defendants; or (2) the Court orders you to file documents or other evidence. If you send any other documents to the Court, they will be returned to you.

---

[1] The PLRA requires federal courts to screen prisoner complaints prior to service and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

2

**Eighth**, if your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing your witness list, the Court will subpoena the necessary witnesses. You should not provide the Court with your witness list until you are directed to do so in a scheduling order.

**Ninth**, every civil case filed by a prisoner requires the plaintiff to pay a filing fee. 28 U.S.C. § 1915. The PLRA states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). A $405 filing and administrative fee must be paid at the beginning of the lawsuit unless you cannot afford to pay the entire fee at once. If you cannot afford to pay the filing fee in a lump sum, you may file a motion to proceed *in forma pauperis* ("IFP Motion"). If you are granted IFP status, the filing fee is $350, which will be collected in installments from your institutional account. Importantly, even if your lawsuit is later dismissed, the Court will continue to collect the filing fee until it has received the full amount of $350 from your institutional account.

**You have not filed an IFP Motion or paid the filing fee.**

IT IS THEREFORE ORDERED THAT:

1.  The Clerk is directed to send Plaintiff a blank IFP Motion, including the necessary Certificate and Calculation Sheet.

2.  If Plaintiff wishes to proceed with this action, he must, **within thirty (30) days of the date of this Order**, either (1) pay the $405 filing fee in full; or (2) complete and sign the IFP Motion and return it to the Clerk. **If Plaintiff does not timely comply with this Order, this case will be dismissed without prejudice.**

3.  Detention center officials are directed to assist Plaintiff in completing the Certificate and Calculation Sheet.

SO ORDERED this 21st day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3